McFarland, J.,
delivered the opinion of the Court:
The plaintiff, having failed in this action, has appealed in error. The declaration contains two counts. The first is upon a delivery bond taken by the sheriff for the delivery of certain slaves levied upon by him under execution *30 in bis bands — the breach assigned being a failure to deliver the slaves on the day of sale, to wit: the 14th of January, 1860. The second count sets forth the same facts, and avers that the forfeiture of the bond, on the 14th of January, I860, was in laiV a judgment, upon which a recovery is sought.
There were various pleas by the defendants—all of which were found in their favor. The plaintiff moved for a new trial, which was refused. His bill of exceptions, however, does not set forth any of the evidence submitted to the jury. It simply shows that, in argument, the plaintiff’s counsel admitted that more than six years had elapsed, after the cause of action accrued, before the suit was commenced, and the action upon the first count was therefore barred, but requested the”" court to charge that the second count was an action upon a judgment, to which ten years was the limitation. The charge of the judge, which, among other things, holds this question against the plaintiff — and this is the only error assigned.
The Code, sec. 2776 [Shannon’s Code, sec. 4473], among other things, provides that “actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be brought in ten years after the cause of action accrued.”
It is insisted that, by the act of 1831, ch. 25, sec. 2 and sec. 3, Code, sec. 3040 [Shannon’s Code, sec. 4774], a forfeited delivery bond is, in legal effect, a judgment against the maker of the bond. The language is: “The delivery bond, if forfeited, shall be in the hands of the officer holding it, a sufficient authority to levy upon and sell so much of the property of the sureties as will satisfy the amount for which they have made themselves liable, and shall also bje a sufficient authority to the clerk or justice to whom the same may be returned, to issue an alias or pluries execution, as the case may be, against the defendant to the judgment *31 and against tbe sureties on said bond, without any judgment upon tlie bond.”
The cases of Malone v. Abbott, 3 Hum., 532, and Lester’s Case, 4 Hum., 383, axe cited as construing this statute and declaring the effect of a forfeited bond. In the first case, it was heid that the lien of the execution continued upon the property until the forfeiture of the bond, upon which the lien terminated and the property became subject to the claims of other creditors. Arguing against the continuation of the lien after the forfeiture of the bond, Judge Green says: “By the third section of the act of 1831, the forfeited bond operates as a judgment in the sheriffs hands, and if it be returned with the execution, the clerk is authorized to issue an execution against the principal and sureties without a judgment. The execution and levy, and, consequently, the plaintiffs lien upon the property, are all merged in this forfeited bond, thus having all the force of a judgment. The plaintiffs remedy is exclusively upon this bond, and the execution upon it cannot relate beyond the time it was forfeited and become a judgment.” [Pages 534, 535.]
In Lester’s Case, simply following -the above case, hold-* ing that the lien terminates upon the forfeiture of the bond, Judge Iteese saying: “It is forfeiture of such bond which . . . merges the lien of the levy in the bond which becomes upon forfeiture a quasi judgment.” [P. 385.]
These cases simply hold that the lien of the execution terminates upon the forfeiture of the bond, and the argument of the opinions go no further than to maintain that the forfeiture of the bond gives it the force and effect of a judgment, but that they do not hold that it is in fact a judgment, or, in all respects, equivalent to a judgment. A judgment is defined to be “the decision or sentence of the jaw pronounced by a court or other competent tribunal upon the matter contained in the record,” or the conclusion *32 of' tbe law upon tbe facts' found by tbe court or jury, or admitted by tbe party. Freeman on Judgments, sec. '2.
Tbe forfeiture of a delivery-bond is a matter occurring entirely ouiside of court, upon wliicbmo judgment ox decree or opinion is announced or expressed by any court, judge, -or judicial officer. It rests alone with tbe sheriff, or upon bis return. And be may, if tbe original process is not functus officio, make tbe levy under it. Otherwise, be may obtain new process alone upon bis return.' • In either event, it is not tbe judgment or decree of tbe court — or founded thereon. It is simply a statutory remedy, and while, as said by Judge' Oreen, it has tbe force and effect of a judgment — that is, accomplishes tbe same end — it is not, in fact, a judgment of a court of record, and is not within the letter of sec. 2776. Nor do we think it within th'e spirit of this section. Tbe legislature did not contemplate this as one of tbe character of judgments upon which an action could not be brought in ten years. But, again, it is argued that, at all ©vents, this cause falls within tbe last clause of this section, to wit: “All other cases not expressly provided for, within ten years.” Sec. 2775 [Shannon’s Code, sec. 4472], after specifying-the actions which shall be brought'in six years, concludes: “Actions on contracts not otherwise expressly provided for, within six years after the cause of action accrued.”
Under the Code, the limitation does not, in general, depend, as it formerly did, on the form of the action, but upon the nature and character of the cause of action. And while the old forms may be followed, or th© forms prescribed by the Code, the declaration may state simply the facts of the case, to which the law applies the proper judgment. It will he observed that, in the present case, the two counts of the declaration state precisely the same facts, and it was necessary to' so state the fact in either view of the case. That is, the execution and delivery of the bond and its forfeiture. The only difference is, that in the last *33 count it is claimed that the forfeiture was, in law, a judg-rtient. This statement of an assumed legal conclusion did not change the character of the action. It was the same under either count, and if we be correct in the conclusion that the forfeiture of the bond did not malee it a judgment, then it necessarily follows that the suit is upon a contract, and it therefore falls within the last clause of sec. 3775, and is barred in six years. There was, therefore, no error in the holding of the circuit judge.
This relieves us froip considering the question whether it would be ground of reversal, where there’ are several distinct pleas, all setting up valid defenses and all found in favor of the defendant, to show that in relation to one of the pleas there was error, while the finding as to the other pleas is not objected to.
The judgment will be affirmed.